# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAMES HARVEY,

        Petitioner,                             Case No. 2:08-11349

v.                                        HON. LAWRENCE P. ZATKOFF

C. EICHENLAUB,

        Respondent.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Petitioner, who is currently incarcerated at the Federal Correctional Institution in Milan, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner seeks relief from the Bureau of Prisons' (BOP) determination that he is ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B) for his successful completion of a drug treatment program. For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DISMISSED WITH PREJUDICE.**

### I. Background

In 2006, Petitioner pled guilty to felon in possession of a firearm in violation of 18 U.S.C. § 922(g). *See United States v. Harvey,* No. 06-20189 (E.D. Mich. Nov. 30, 2006). On November 16, 2006, Petitioner was sentenced to twenty-seven months in prison. *Id.*

While incarcerated, Petitioner entered the BOP's Residential Drug Abuse Treatment Program (RDAP). Upon completion of the program, Petitioner applied for a one-year reduction in his sentence with the BOP pursuant to 18 U.S.C. § 3621(e)(2)(B), but was denied eligibility for a reduction of his sentence based on the fact that he had been convicted of being a felon in possession

1

of a firearm.

On November 27, 2007, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he claimed that the BOP's decision to deny him the early-release benefits under § 3621(e)(2)(B) denied Petitioner his rights to due process and the equal protection of the law. On December 3, 2007, Judge Paul V. Gadola summarily denied Petitioner's habeas application, finding his claims to be without merit. *See Harvey v. Eichenlaub*, No.07-15047, 2007 WL 4239260 (E.D. Mich. Dec. 3, 2007). There is no indication that Petitioner appealed this ruling.

Petitioner now seeks habeas relief on the following ground:

> [The] BOP violated the Administrative Procedures Act by categorically denying petitioner the full benefits of his successful completion of the (RDAP) 500 hour program pursuant to 28 C.F.R. § 550.58.

## II. Discussion

The petition for writ of habeas corpus is subject to dismissal for two reasons. First, Petitioner's habeas application is barred by the doctrine of claim preclusion because Petitioner has previously challenged the BOP's decision to deny him a one-year sentence reduction pursuant to § 3621(e)(2)(B) in his habeas petition before Judge Gadola. *See Smith v. Reno,* 3 Fed. Appx. 403 (6th Cir. 2001). Habeas corpus relief is unavailable to a federal prisoner whose claims have already been adversely ruled upon in a prior proceeding. *Sandles v. Scott,* 26 F. Supp. 2d 1355, 1356-57 (N.D. Ga. 1998). Second, any collateral attack on Judge Gadola's order of dismissal is not properly brought as a § 2241 habeas petition because it does not challenge the execution of Petitioner's sentence. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (stating that a petition under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his sentence is being executed).

Because the instant petition is facially insufficient to grant habeas relief, it is subject to summary dismissal. *Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).

### III. Conclusion

Based upon the foregoing, the Petition for a Writ of Habeas Corpus is **SUMMARILY DISMISSED WITH PREJUDICE.**


        s/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated: April 9, 2008

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on April 9, 2008.

        s/Marie E. Verlinde
        Case Manager
        (810) 984-3290